CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

DEC 0 7 2005

JOHN F. CORCORAN, CLERK
BY: /s/ 
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ANTHONY TURNER, | ) | |
| Plaintiff, | ) | Civil Action No.7:05-cv-00725 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By: Hon. James C. Turk |
| Defendants. | ) | Senior United States District Judge |

Plaintiff Anthony Turner, a Virginia inmate proceeding pro se, brings this action against the United States under the Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) and the Federal Tort Claims Act (FTCA). As Turner has not prepaid the $250.00 court filing fee, he apparently applies to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(b). Turner complains that the United States should allow him to obtain more money per month than the $50.00 per month disbursed to him pursuant to a settlement agreement in Civil Action No. 7:95-cv-01106. Upon review of court records, the court finds that Turner is not entitled to proceed with this civil action, absent prepayment of the filing fee, and that the action must, therefore, be filed for administrative purposes only and dismissed without prejudice under Subsection (g) of §1915.

Section 1915(g), enacted as part of the Prison Litigation Reform Act of 1996 ("PLRA"), provides that a prisoner may not bring a civil action without prepayment of the filing fee

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The court takes judicial notice of the fact that Turner has had at least three civil actions or appeals dismissed as frivolous or for failure to state a claim. Turner v. Carbone, Civil Action No. 7:03-cv-00757 (W.D. Va. 2003)(dismissed under §1915A); Turner v. Saatoff, Civil Action No. 7:99cv00720

1

(W.D. Va. October 28, 1999)(dismissed under §1915(e)(2)); Turner v. Poe, Civil Action 7:97cv00765 (W.D. Va. December 15, 1997)(dismissed under §1915(e)(2)). The court thus finds that plaintiff has at least three "strikes" within the meaning of §1915(g). Therefore, Turner cannot file this civil action or any other civil action without prepayment of the $250.00 fee[1] unless he demonstrates that he is "under imminent danger of serious physical injury." §1915(g).

The complaint does not allege any facts indicating that Turner is in imminent danger of physical harm related to his claims. He states that he would like to have extra money to purchase a pair of shoes that a doctor recommended. He does not, however, allege any facts indicating that he could not save the money for the shoes from the $50.00 per month disbursement he receives from his settlement. Moreover, he fails to demonstrate any imminent danger that lack of such shoes will cause him to suffer serious physical harm. Accordingly, the court cannot find that he has satisfied the requirements to proceed under §1915(g) without prepayment of the filing fee. Based on the foregoing, the court must deny Turner's request to proceed in forma pauperis in this action and dismiss his case without prejudice, pursuant to §1915(g). An appropriate order shall be entered this day.

ENTER: This 7th day of December, 2005.

*James C. Turk*
Senior United States District Judge

---

[1] This fee is set by statute. See 28 U.S.C. § 1914(a).